UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESLEY EDWARD SMITH,

               Plaintiff,

    -against-

COMMONWEALTH OF VIRGINIA,

               Defendant.

13-CV-8111 (LAP)

ORDER

LORETTA A. PRESKA, United States District Judge:

    Plaintiff filed this action *pro se*. On January 7, 2014, the Court dismissed the complaint as frivolous, and directed Plaintiff to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing any actions *in forma pauperis* (IFP) without prior leave of court. (ECF 6.) Plaintiff did not respond to the order to show cause, and on February 27, 2014, the bar order was issued.[1] (ECF 7.) On September 28, 2022, Plaintiff filed a document "for leave of court application with application to file with relevant initial federal questions for administrative agencies representing government for: the United States Congress, United States House of Representatives, the House of Commons, the Senate House, the Equal Employment Opportunity Commission, Senator Tim Kane, Speaker for the Congresswoman Nancy Pelosi, Senator Mitch McConnell, State General Assembly." (ECF 9.)

    The Court liberally construes this submission as seeking reconsideration, under Fed. R. Civ. P. 60(b), of the February 27, 2014 bar order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The

---

[1] Since then, Plaintiff has filed two IFP cases, which were dismissed under the bar order. *See Smith v. State of South Carolina*, ECF 1:21-CV-0573, 6 (CM) (S.D.N.Y. Feb. 22, 2021); ECF 1:20-CV-7521, 3 (CM) (S.D.N.Y. Sept. 15, 2020).

solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In the "Background" section of Plaintiff's submission, he writes:[2]

> COV and I, Wesley Edward Smith III had history since 1964. Since being sent away in 1972, COV has adopted findings of violation of an alleged violation of its laws, but chooses not to inform me nor [provide the substantive] proof required from the above listed agencies as required by the law. Disenfranchising me from my statutory and Constitutional rights guaranteed under the CFR or as the United States Constitution affords all its citizens and residents. I Wesley Edward Smith III am dissatisfied and aggrieved the adjudication process, as issues are inferred, by the placement of Local, State and nor Federal officials intervening only to assert his/her personal declarations, while asserting foreign claims, to precluded or avoid trials and disavowing the equal and fair judgment rights of others under

---

[2] The Court quotes from the submission verbatim, and all grammar, spelling, and punctuation are as in the original.

>the same set of laws as applied is an alleged foreign abuse violation in the process.

(*Id.* at 3.)

Even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). This submission is not a departure from Plaintiff's pattern of frivolous litigation.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 9) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 3, 2022
         New York, New York

_____
LORETTA A. PRESKA
United States District Judge